IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eldys Rodriguez, #49863-004, ) | |
| ) | C/A No. 6:05-0709-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Matthew B. Hamidullah, Warden, ) | |
| FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    Petitioner Eldys Rodriguez brought this action pursuant to 28 U.S.C. § 2241, asserting that the Bureau of Prison's misinterpretation of 18 U.S.C. § 3624(b) has deprived him of eligibility for 54 days of good time credit for each year of his term of imprisonment.

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling.  On May 10, 2005, Respondent filed a motion for summary judgment.  By order filed May 12, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  On May 16, 2005, Petitioner filed a motion for summary judgment.  On July 5, 2005, Petitioner was given until July 28, 2005 to file a response to Respondent's motion for summary judgment.  Petitioner was advised that if he failed to respond, the within action would be dismissed for failure to prosecute. On July 19, 2005, Petitioner was granted an extension of time until August 29, 2005 to respond to Respondent's motion for summary judgment.  Petitioner has filed no response to Respondent's motion.

The Magistrate Judge filed a Report of Magistrate Judge on August 31, 2005 in which he recommended that the petition be dismissed pursuant to Rule 41(b), FRCP for failure to prosecute. Petitioner filed no objections to the Report of Magistrate Judge.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has reviewed the Report, pleadings, memorandum, and applicable law. The court notes that Petitioner has not complied with Rule 56, FRCP, which provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations . . . of the pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Further, although Respondent did not oppose Petitioner's motion for summary judgment, Petitioner's motion merely sets forth a conclusory statement that Petitioner is being detained beyond his lawful release date. Petitioner's motion for summary judgment sets forth no genuine issue of material fact for trial.

The court adopts the Report of Magistrate Judge and incorporates it herein by reference. The

case is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 11, 2005.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**